**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

**CASE NO: ______________**

JENNIFER L. COOK,

Plaintiff,

v.

HOUSE PARTS, INC. and LACY LEE PAULUSSEN,

Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff JENNIFER L. COOK ("Cook" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants HOUSE PARTS, INC. and LACY LEE PAULUSSEN (collectively "Defendants"), for damages and injunctive relief, and in support thereof state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

2. Defendants are subject to personal jurisdiction in South Carolina.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district and are subject to personal jurisdiction in this district.

## PARTIES

4. Jennifer L. Cook is an artist domiciled and residing in Yulee, Florida. Cook owns and operates her business Snake Arts LLC. Cook is a visual artist and sculptor who has always had a fascination with art, animals and wild places. After graduating from the University of the Arts, she pursued a career in commercial art, sculpting prototypes for the toy and giftware industries, movie props, jewelry models, and more. Using the varied skills she has learned, she has returned to her two great passions: animals and fine art. Reptiles, specifically snakes, are her frequent inspiration because of their fluid forms, intricate details and endless design potential. She enjoys the challenge of revealing the beauty of creatures that are often feared, trying to use the unique power of art to change often visceral reactions and instead cause the viewer to actively think about each animal in a more appreciative way.

5. Cook sells her work through her business, Snake Arts LLC. Her products consisting of original snake sculptures and other pieces of art, are sold through her store on Etsy www.etsy.com/shop/SnakeArts?ref=seller-platform-mcnav and her business website, https://snakearts.com.

6. Cook owns the copyright described below, that is the subject of this action.

7. House Parts, Inc. ("House Parts") is a South Carolina corporation registered to do business in South Carolina with its headquarters at 801 N. Kings Hwy, Myrtle Beach, South Carolina 29577, and can be served by serving its registered agent Lacy Lee Paulussen ("Paulussen").

8. On information and belief, Paulussen is the Owner or President of House Parts.

9. House Parts is a retailer of decorative home hardware that sells designer cabinet knobs, pulls, and other residential hardware products through its showroom and online store.

10. At all times relevant herein, House Parts owned and operated the eBay e-commerce store located at the URL https://www.ebay.com/str/housepartsllc?_odt=true&_ajax=odtRefresh&_ipg=72&_tab=shop (the "E-commerce Store").

11. Plaintiff alleges Defendants copied Plaintiff's work in order to advertise, market, create, and promote Defendants' business activities, and sell goods bearing unauthorized copies of Plaintiff's work, in violation of 17 U.S.C. § 106. Plaintiff's works are readily available on the internet via her website, Etsy storefront, and other e-commerce platforms as well as other uses displayed on the Internet.

## THE COPYRIGHTED WORK

12. In 2021, Cook created the sculpture titled "Matched Pair of Rattlesnake Entrance Sculpture" which is protected by copyright and registered with the Copyright Office (the "Copyrighted Work").

13. Plaintiff's Copyrighted Work is duly registered with the Register of Copyrights as shown in the table below. A true and correct copy of the Copyright Certificate of Registration and the photographs deposited are attached hereto as **Composite Exhibit 1**.

| Copyright Title | Registration Number | Registration Date | Exhibit |
|---|---|---|---|
| Matched Pair of Rattlesnake Entrance Sculpture | VA 2-267-344 | 06/16/2021 | 1 |

14. Plaintiff is the owner of all rights in and to the Copyrighted Work.

15. The photographs deposited with the registration show Plaintiff's high-quality sculpture from multiple angles to display the design and craftmanship of the sculpture. Shown below are some of the images deposited with Plaintiff's Copyrighted Work.








16. Cook's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Copyrighted Work is an original, creative expression fixed in a tangible medium of expression and is therefore subject to protection under the Copyright Act.

17. At all relevant times, Cook was the owner of the Copyrighted Work above.

**INFRINGEMENT BY DEFENDANTS**

18. Defendants have never been licensed to use the Copyrighted Work for any purpose.

19. On a date after the Copyrighted Work was created, but prior to the filing of this action, Defendants copied the Copyrighted Work.

20. On or about March 31, 2024, Plaintiff discovered the unauthorized use of the Copyrighted Work on Defendant's E-commerce Store, which advertised, promoted, offered for sale, and sold infringing copies of the Copyrighted Work (the "Infringing Listing"). A comparison of Defendant's Infringing Listing and the Copyrighted Work is shown below:

**PLAINTIFF'S COPYRIGHTED WORK**:




**DEFENDANTS' INFRINGING LISTING:**




21. Defendants copied the Copyrighted Work without Plaintiff's permission.

22. After Defendants copied the Copyrighted Work, they made further copies and distributed the Copyrighted Work on the internet for the purpose of advertising, promoting, and selling goods and services, including goods bearing unauthorized copies of the Copyrighted Work, as part of their commercial business.

23. Plaintiff never gave Defendants permission or authority to use, copy, distribute or display the Copyrighted Work for any purpose.

24. Defendants committed copyright infringement of the Copyrighted Work as evidenced by the documents attached hereto as **Exhibit 2**.

25. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Copyrighted Work, including her exclusive right to use such intellectual property and the goodwill associated therewith.

26. Plaintiff notified Defendants of the allegations set forth herein on August 20, 2025, and sent follow-up notices. To date, the parties have not resolved the dispute.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Plaintiff owns all valid copyright in the Copyrighted Work.

29. Plaintiff registered the Copyrighted Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants used, copied, displayed, and distributed Plaintiff's Copyrighted Work and made derivatives of the Copyrighted Work without Plaintiff's authorization in violation of 17 U.S.C. § 501 in connection with sales and offers to sell to consumers in the U.S. and abroad.

31. Defendants performed the acts alleged in the course and scope of its business activities.

32. Defendants conduct constitutes willful and direct copyright infringement of Plaintiff's Copyrighted Work.

33. Plaintiff has been damaged by the infringement.

34. The harm caused to Plaintiff has been irreparable.

**COUNT II**
**VICARIOUS LIABILITY OF LACY LEE PAULUSSEN**

35. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. Upon information and belief, Paulussen, is the owner and manager of House Parts and was responsible for the unauthorized reproduction, distribution, and display of infringements of the Copyrighted Work.

37. Paulussen's relationship with House Parts provided her the right and ability to supervise House Parts' creation or modification of the Infringing Listing, including but not limited to the accessing, copying, editing, displaying, and distributing of infringements of the Copyrighted Work on and through the House Parts E-Commerce Store.

38. Paulussen failed to exercise her right and ability to supervise or control House Parts' actions in the creation, advertisement, and promotion of the Infringing Listing on the E-Commerce Store, including but not limited to House Parts' accessing, copying, editing, displaying, and distributing the Copyrighted Work.

39. As the E-Commerce Store is for House Parts' commercial marketing and advertisement of its goods and services from which Paulussen benefits financially as owner and manager, Paulussen had an obvious and direct financial interest in the exploitation of the Copyrighted Work on the E-Commerce Store.

40. In the alternative, and to the extent that the actions described above were performed by House Parts alone, Paulussen is vicariously liable for House Parts' unauthorized copying, display, distribution, creation of derivative works, offer for sale, and sale of the Copyrighted Work described above.

WHEREFORE, Plaintiff JENNIFER L. COOK prays for judgment against Defendants HOUSE PARTS, INC. and LACY LEE PAULUSSEN that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant Lacy Lee Paulussen be held vicariously liable for the violations of 17 U.S.C. Sections §§ 501 by House Parts;

c. Defendants be required to pay Plaintiff the actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504;

d. The Court enter an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the copyright infringing acts pursuant to 17 U.S.C. § 503;

e. Plaintiff be awarded attorney's fees and costs of suit under the applicable statutes sued upon;

f. Plaintiff be awarded pre- and post-judgment interest; and

g. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: October 21, 2026

Respectfully submitted,

*s/ Hunter Freeman*
Hunter Freeman (Fed. ID 9313)
**KIM LAHEY & KILLOUGH LAW FIRM LLC**
3620 Pelham Road, PMB 213
Greenville, SC 29615
Tel. 864-609-3473
hfreeman@kimandlahey.com

*Counsel for Plaintiff Jennifer L. Cook*